# Burns *v.* Pennsylvania Railroad Company, Appellant.

*Railroads—Condemnation proceedings—Evidence—Settlement of litigation.*

1. In a proceeding to assess damages for land condemned by a railroad company, it is improper to admit evidence to the effect that, after the land was taken and bond filed, an agent of the company offered to settle the litigation for an amount stated, as shown by a witness for the plaintiff and an unsigned agreement which had been prepared to carry out this settlement.

2. In such a case where the plaintiff offers in evidence a deed from another person to the railroad company for lots adjacent to lots of the plaintiff, which had been condemned, and it appears that the consideration named in the deed was a lump sum which covered not only the lots named in the deed, but some additional land, included in the deed the railroad company is entitled to show how the consideration was made up and what was paid for each of the lots, and what was paid for the additional land.

Argued Oct. 18, 1910. Appeal, No. 32, Oct. T., 1910, by defendant, from judgment of C. P. No. 1, Allegheny Co., March T., 1905, No. 398, on verdict for plaintiff in case of Thomas Burns v. Pennsylvania Railroad Company. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Reversed.

Appeal from award of jury of view. Before MACFARLANE, J.

At the trial, when plaintiff, Thomas Burns, was on the stand, the following question was asked him:

"Q. It was testified by Mr. Walter that he didn't know whether he made you an offer about the time of this con-

demnation of $10,000 for the property. I will ask you whether or not he made you such an offer."

Mr. Crawford: Objected to generally as incompetent and irrelevant; and further for the reason that in view of the testimony adduced on cross-examination from Mr. Walter it would appear that he acted as broker or agent for the Pennsylvania Railroad Company in acquiring property in this immediate locality, and there is a presumption that if he negotiated with Mr. Burns or his attorney that it was with a view to a compromise of litigation.

The Court: What date was it?

Mr. Stoner: "Q. It was right at the time of the condemnation. I am unable to say whether before or after the condemnation."

Objection overruled and bill sealed for defendant.

Question read to witness.

Mr. Stoner: "Q. Answer yes or no. A. Yes, sir." [3]

When Joseph Stadtfeld was on the stand he was asked:

"Q. Mr. Walter, a witness on the stand, testified that he did not make to counsel for Mr. Burns an offer of $11,000 for the property lots Nos. 604, 605, 610 and 611 in the Borough of Aspinwall. I will ask you whether he did or did not make you as counsel for Mr. Burns, such an offer."

Objected to that no time is specified, and if it was after the filing of the bond it would not be competent.

Mr. Stoner: It was after the filing of the bond.

Mr. Crawford: If it was after the filing of the bond it was for the purpose of making a settlement of litigation, and would be incompetent for that reason.

Objection overruled and bill sealed for defendant. [4]

"A. I don't recall the numbers of the lots, but it was the property they appropriated in the condemnation proceedings. I can refresh my recollection as to the numbers of these lots by a paper which was sent up to me by Mr. Walter on November 16, 1903. They were lots 604, 605, 610, and 611. On November 16, 1903, Mr. Walter had made a proposition to pay Mr. Burns $11,000 and

sent up an agreement to be executed by Mr. Burns. That agreement they sent up Mr. Burns declined—"

The Court: Never mind that.

The following offer was made by plaintiff:

Mr. Stoner: To rebut the testimony of Mr. Walter that he never made an offer to Mr. Burns or his counsel of the sum of $11,000 for the property in question, I offer in evidence an agreement unsigned, dated November 16, 1903, between Thomas Burns and Geo. L. Walter, being the agreement stated by Mr. Stadtfeld, the last witness, to be the one sent to him by Mr. Walter for execution.

Mr. Crawford: Objected to, first, because the exhibit is merely an unexecuted paper. Second, because if any such agreement was in contemplation it was in settlement and compromise of litigation. Third, as being generally incompetent and irrelevant.

Objection overruled and bill sealed for defendant. [5]

The defendant made the following offer:

Mr. Crawford: The deed from the Aspinwall Land Company to the Pennsylvania Railroad Company having been offered in evidence by plaintiff's counsel, the defendant's counsel offers to· prove how the consideration was made up and what was paid for each of the lots described in the said deed and for the river frontage described in said deed.

Objected to as incompetent and irrelevant because they cannot undertake to correct the deed or to explain it; and further, because it was offered as part of the cross-examination of one of the defendant's witnesses and for no other purpose.

Mr. Stoner: I will correct that. It was offered in view of the question asked Mr. Wright as to the sale of lots 612 and 613 for $2,000 and he said that he knew differently.

Objection sustained and bill sealed for defendant. [6]

Defendant presented these points:

1. That the jury will disregard the testimony of Jo-

seph Stadtfeld as to the offer of purchase testified to have been made to him as attorney for plaintiff, after the beginning of this litigation between plaintiff and defendant, by George Walter, representing the defendant company. *Answer:* Refused. [1]

2. That the testimony in the case as to the offer of compromise or settlement of this litigation by the purchase of the land in question from the plaintiff is stricken out and is not for your consideration. *Answer:* Refused. [2]

Verdict and judgment for plaintiff for $15,280. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them; (3–6) rulings on evidence, quoting the bill of exceptions.

*James S. Crawford,* of *Patterson, Sterrett & Acheson,* for appellant.

*W. W. Stoner,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 3, 1911:

We will not sustain the third assignment of error. While we think it apparent that Mr. Walter was acting for the defendant company at the time he made the offers, yet it was the duty of the defendant's counsel to elicit that fact clearly from the witness so as to disclose his incompetency. Walter's preliminary examination having left in doubt whether he was acting for the company, we cannot convict the court of error in admitting the testimony complained of in this assignment.

Mr. Stadtfeld's testimony was admitted under different circumstances. When it was offered the defendant's counsel objected on the ground that a bond having been filed and the matter being in litigation, the testimony was incompetent. Before the witness was permitted to answer, it appeared by his testimony that a

bond had been filed, and the property in question had been appropriated by the defendant company. It was, therefore, manifest that if an offer had been made to Mr. Stadtfeld as the plaintiff's counsel, it was in compromise of the litigation. The property was not at the time open for purchase by any one except the defendant. But Mr. Stadtfeld's subsequent testimony disclosed clearly the fact that Mr. Walter was at the time representing the defendant, that the witness so understood the fact, and that the offer "was in settlement of litigation," and "to dispose of the entire transaction." The testimony was therefore clearly incompetent and should have been excluded. At the close of Mr. Stadtfeld's testimony, the defendant's counsel asked the court to instruct the jury to disregard it. The refusal of this motion constitutes the first assignment of error. The admission of the testimony against the defendant's objection is the subject of the fourth assignment.

It appears from Mr. Stadtfeld's testimony that the unsigned agreement was to be executed by Mr. Walter as the reprsentative of the defendant company, and was in settlement of the plaintiff's claim for damages against the company for the land appropriated by it. It was admitted in evidence subject to objection, and is embraced in the fifth assignment of error. The reason which excludes Mr. Stadtfeld's testimony as to the offer having been made, also excludes the admission of the agreement. The agreement was merely to consummate the settlement of the claim for damages against the company.

The plaintiff offered in evidence a deed from the Aspinwall Land Company to the defendant company conveying several lots of ground in the grantor's plan of lots adjacent to the lots taken by the defendant, and also a strip of land on the south side of River avenue and along the Allegheny river, "for the purpose of showing the consideration, and what was conveyed." This offer was, of course, for the purpose of showing the price of the lots conveyed as evidence of the value of the lots taken by

the defendant company in its condemnation proceedings. The consideration named in the deed was a lump sum. The deed itself did not show the consideration for the lots or for the strip of land. The defendant, therefore, should have been permitted to show how the consideration was made up, and what was paid for the river frontage and each of the lots. This was the offer of the defendant and it should have been admitted. It was not an attempt to correct or explain the deed, but simply to explain the consideration, and to inform the jury what was paid for each of the several lots embraced in the deed. This testimony was necessary if the price of the lots conveyed by the Aspinwall company was to be of service to the jury in ascertaining the value of the lots condemned by the defendant company.

The first, fourth, fifth and sixth assignments of error are sustained, the judgment is reversed, and a venire facias is awarded.